**Motions Granted; Brief Stricken; and Order filed December 6, 2018**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00722-CV
_____

**CHRISTOPHER D. EUSTICE, Appellant**

**V.**

**TIMOTHY C. POWERS, Appellee**

**On Appeal from County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1113102**

## ORDER

Appellant filed a brief on November 13, 2018. Appellee filed a motion to strike that brief, contending it does not comply with the Texas Rules of Appellate Procedure. Appellee also filed a motion for extension to file his brief pending our resolution of its motion to strike.

The motion to strike identifies the following deficiencies:

- no table of contents;

- no index of authorities;

- no statement of the case;

- no statement regarding oral argument;

- no statement of the issues presented;

- no statement of facts; and

- no summary of the argument.

*See* Tex. R. App. P. 38.1. Further, appellee writes:

> Appellant's brief merely consists of a short introductory statement followed by an argument section, which appears to lack any meaningful application of the law to the facts of this case. It appears that Appellant simply copied and pasted swaths of (inapplicable) law in to the brief without adequate explanation as to why that cited law applies to this case.

Appellee asserts he is unable to respond to appellant's brief due to its deficiencies.

Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with the briefing rule, Texas Rule of Appellate Procedure 38, is generally sufficient. Tex. R. App. P. 38.9. However, if the court determines Rule 38 has been flagrantly violated, it may require a brief to be amended, supplemented or redrawn. Tex. R. App. P. 38.9(a). Further, if the court determines that the case has not been properly presented in the briefs, it may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case. Tex. R. App. P. 38.9(b).

Appellant's brief does not acquaint the court with the issues in this case or present argument that will enable the court to decide the case. Appellant's brief does not substantially comply with Rule 38. Accordingly, we order as follows:

2

1. Appellee's motion to strike is **GRANTED**.

2. Appellant's brief filed November 13, 2018, is **STRICKEN**.

3. Appellant is ordered to file a brief that complies with the Texas Rules of Appellate Procedure or seek an extension of time to file such a brief by **January 7, 2019**. *See* Tex. R. App. P. 38.9(a).

4. Appellee's motion for extension is **GRANTED**. Appellee's brief will be due 30 days after appellant's amended brief is filed.

If appellant files another brief that does not comply with Texas Rule of Appellate Procedure 38.1, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief. *See* Tex. R. App. P. 38.9(a). Pursuant to Texas Rule of Appellate Procedure 38.8(a), where an appellant has failed to file a brief, we may dismiss the appeal for want of prosecution.

If appellant fails to timely file a brief in accordance with Rule 38 or seek an extension to file such a brief by **January 7, 2019,** the appeal will be dismissed for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1).

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jewell.
Justice Christopher would deny the motion to strike.